```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

```
GWENDOLYN JOHNSON,                :    CIVIL ACTION
Administratrix of the Estate      :
of HAROLD D. JOHNSON, JR.         :
                                  :
     v.                           :
                                  :
CITY OF PHILADELPHIA              :    NO. 07-cv-04443-JF
```

MEMORANDUM AND ORDER

Fullam, Sr. J.                                    October 24, 2008

   Plaintiff's decedent was shot in the back on a public street near his home.  A witness placed a call to 911 to report that the decedent had been shot and was lying on the street, bleeding.  Eventually, a police car was dispatched to the scene, and the decedent was transported to a hospital, but he died shortly after arrival.

   Plaintiff has brought this action against the City of Philadelphia, asserting that there was a long delay between the summoning of assistance and its arrival, attributable to gross mismanagement of the 911 response system.  The defendant, City of Philadelphia, has filed a motion for summary judgment, accompanied by affidavits and official records which tend to establish that there was no delay at all, that decedent was promptly transported to the hospital without incident, and that no act or omission of any City employee contributed to decedent's death.

In responding to the defendant's motion for summary judgment, plaintiff's counsel seems to be laboring under the misapprehension that, simply because the averments of plaintiff's complaint are inconsistent with defendant's affidavits, there is a material dispute of fact which precludes the grant of summary of judgment.  But it is hornbook law that, in responding to a properly-supported motion for summary judgment, plaintiff may not rely upon the averments of the complaint, but must come forward with evidence to support these allegations.

On the present state of the record, defendant's version of the events stands uncontradicted.  Plaintiff has not shown (1) that there was any undue delay in responding to the 911 call; (2) that the City (the only named defendant) can be held liable on a Monell theory; or, (3) that any action or inaction of a City employee contributed to decedent's death.  Thus, on the present state of the record, defendant's motion for summary judgment is unassailable.

Because, however, plaintiff's counsel may have made a correctable error in his perception of what gives rise to a disputed issue of fact, plaintiff will be afforded a brief period in which to provide some evidence sufficient to give rise to a disputed issue of material fact.

An Order follows.

```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| GWENDOLYN JOHNSON, | : | CIVIL ACTION |
| Administratrix of the Estate | : | |
| of HAROLD D. JOHNSON, JR. | : | |
| | : | |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA | : | NO. 07-cv-04443-JF |

### ORDER

AND NOW, this 24th day of October, 2008, upon consideration of defendant's motion for summary judgment, and plaintiff's response, IT IS ORDERED:

That plaintiff may, within 30 days, produce affidavits or other admissible evidence sufficient to give rise to a material dispute of fact. Unless such evidence is forthcoming, defendant's motion for summary judgment will be granted.

BY THE COURT:

/s/ John P. Fullam
John P. Fullam, Sr. J.