```
             IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA


GWENDOLYN JOHNSON, as             :      CIVIL ACTION
Administratrix of the Estate      :
of HAROLD D. JOHNSON, JR.         :
                                  :
     v.                           :
                                  :
CITY OF PHILADELPHIA              :      NO. 07-cv-04443-JF
```

MEMORANDUM AND ORDER

Fullam, Sr. J.                                      December 4, 2008

      Plaintiff's decedent was shot in the back on a public sidewalk. A companion promptly called 911, but by the time help arrived and the victim was transported to a hospital, his condition was such that he was pronounced dead shortly thereafter. Plaintiff is suing the City of Philadelphia, on the theory that help should have been provided earlier. The defendant filed a motion for summary judgment. Plaintiff responded by reiterating the allegations of her complaint. By Memorandum and Order of October 24, 2008, I pointed out that plaintiff's response was inadequate, and afforded plaintiff a further opportunity to provide evidentiary materials in response to the defense motion.

      The only further submission by plaintiff is in the form of two affidavits, from the persons who witnessed the shooting of decedent. They assert that the time interval between the first 911 call and arrival of assistance was approximately 45 minutes, whereas the defense affidavits tended to show that the time

interval was much shorter.  The plaintiff's affidavits also assert that the decedent was roughly handled when being placed in the police car, and that he was simply placed on the back seat of a sedan, without any restraints.

There is no evidence as to the precise cause of the decedent's death.  There is no evidence which might tend to establish a causal relationship between the handling of the rescue attempt and decedent's death.  The most that can be said is that, accepting plaintiff's witnesses' version of events, one or more City employees may have acted negligently.  As established by such cases as <u>Brown v. Commonwealth of Pa. Dep't of Health Emergency Med. Servs. Training Inst.</u>, 318 F.3d 473 (3d Cir. 2003), the defendant City had no constitutional obligation to provide rescue services, hence no constitutional right of the decedent was violated.  It is also clear that, since the City cannot be held liable on a *respondeat superior* basis, plaintiff must show that a settled policy or practice of the City caused decedent's death.  There is no suggestion of any such policy or practice.

For the foregoing reasons, defendant's motion for summary judgment must be granted.  An Order follows.

```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE EASTERN DISTRICT OF PENNSYLVANIA


GWENDOLYN JOHNSON, as          :    CIVIL ACTION
Administratrix of the Estate   :
of HAROLD D. JOHNSON, JR.      :
                               :
     v.                        :
                               :
CITY OF PHILADELPHIA           :    NO. 07-cv-04443-JF
```

ORDER

AND NOW, this 4th day of December, 2008, IT IS ORDERED:

1.   Defendant's motion for summary judgment is GRANTED.

2.   JUDGMENT is entered in favor of the defendant and against the plaintiff.  The Clerk is directed to close the file.


                              BY THE COURT:


                              /s/ John P. Fullam
                              John P. Fullam,  Sr. J.